IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRON PEARSE,

      Petitioner,

v.

      Case No. 3:26-CV-237-NJR

T. LILLARD,

      Respondent.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Terron Pearse.[1] (Doc. 14). Pearse is serving a 168-month sentence in the Bureau of Prisons ("BOP") at FCI Greenville following his conviction for one count of possession with intent to distribute methamphetamine. *United States v. Pearse*, Case No. 4:21-cr-40005-SOH-1 (W.D. Ark.). Pearse did not directly appeal his judgment.

In his § 2241 Petition, Pearse states that he is challenging the legality of his detention, *i.e.*, "whether the committing court that issued the warrant had jurisdiction over the person and/or cause of detention to issue the warrant." (Doc. 14). He asserts that he is being held in violation of the Fifth Amendment to the United States Constitution because the district court issued a warrant despite lacking jurisdiction over him. (*Id.*). Because the court lacked jurisdiction over him, the judgment against him, and thus his imprisonment, is unconstitutional and void. (*Id.*).

---

[1] Respondent filed a motion to recharacterize Pearse's filing as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. 2255 (Doc. 11), but because that motion was directed at the original Petition, the motion is **DENIED as moot**.

An inmate may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). But if the inmate is claiming his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, he must file a motion under 28 U.S.C. § 2255. Such a collateral challenge to a sentence must be made in the district of the inmate's conviction. *Franklin v. Keyes*, 30 F.4th 634, 638 (7th Cir. 2022) ("A § 2255 motion is the default—and usually the exclusive—vehicle for federal prisoners to seek collateral relief."); *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

"Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). Furthermore, a prisoner is limited to one § 2255 motion and may only be permitted to file a second or successive motion if there is "newly discovered evidence" or "a new rule of constitutional law." § 2255(h). Prisoners cannot use § 2241 as an end-run around this requirement. *Jones*, 599 U.S. at 477-78 ("Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.").

Here, although Pearse has labeled his petition as arising under § 2241, he is clearly asserting that his judgment was imposed in violation of the Constitution and that the district court was without jurisdiction to impose his sentence. These claims are an attack on his conviction, not the fact or duration of his confinement. Thus, his claims must be brought in a

Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. 2255 in the district where he was sentenced.

CONCLUSION

For these reasons, the Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Terron Pearse (Doc. 14) is **DISMISSED without prejudice**. If Pearse wishes to refile his motion as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. 2255, he is **DIRECTED** to file it in the Western District of Arkansas.

If Pearse wishes to appeal this Order, he must file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). If Pearse chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If the Pearse files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. See FED. R. APP. P. 24(a)(1)(C).

It is not necessary for the Pearse to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk's Office is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED:   August 13, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**